## MURPHEY et al. v. HARLOW.

No. 35130.   June 24, 1952.

Rehearing Denied Sept. 30, 1952.

*248 P. 2d 620.*

Guy H. Sigler, Ardmore, for plaintiff in error.

Champion, Champion & Wallace, Ardmore, for defendant in error.

O'NEAL, J.  John H. Harlow, on May 4, 1949, filed his petition in which he alleged that W. V. Murphey and Kenneth Hayes, copartners, d/b/a Murphey & Hayes Implement Company, were indebted to him in the sum of $150 per month from February 1, 1949. Claiming further that Harlow has a legal and equitable estate in the lot and building described, he seeks possession thereof and damages in the sum of $5,000 for the alleged unlawful withholding thereof by the said defendants.

Harlow's right to the possession of the lot and building is based on a lease contract executed by the owner, Lula Yell, under date of July 1, 1947, with right to possession from October 1, 1947, to September 30, 1950.

Murphey & Hayes, by amended answer, deny that the defendant, Lula Yell, the owner of the lot and building, executed the lease contract plead by plaintiff, but states that plaintiff was a tenant from month to month only. They state that on November 15, 1948, they entered into a contract with the plaintiff for the purchase of a stock of farm implements located in said building, and that the parties signed a memorandum covering the terms of the sale, and which memorandum reflected an agreement to pay plaintiff the sum of $150 monthly as rentals for said premises and building, but allege that plaintiff obtained said agreement on the false and fraudulent representation that he was obligated to pay a third person the sum of $75 monthly to keep temporary possession of said premises. By order of the court on his own motion, Lula Yell was made a party defendant to the suit, but she is not involved in this appeal.

The defendant, Lula Yell, filed an answer admitting ownership of the lot and building in question, and admitted that plaintiff had been in possession thereof since July, 1947, and prior thereto. She denied that she executed the lease contract of July 1, 1947, with the plaintiff, Harlow, but that she rented the premises to plaintiff on a month to month basis only. At great length she pleads her mental and physical condition, and that during the past years she was unable to look after her business affairs and, that either her son or a Mr. Horton attended to all of her business transactions. That if her son, or Mr. Horton, entered into any written contract with the plaintiff covering said premises she had no knowledge thereof, nor did she have knowledge that the plaintiff deposited monthly rental payments in a local

bank to her credit. Her prayer asked that the plaintiff be denied any relief and that the lease contract, if found to be executed by her, be cancelled, and that her codefendants, Murphey & Hayes, be declared to be her present tenants on a monthly basis.

Upon submission of the case the jury returned a verdict in favor of the plaintiff and against the defendants, Murphey & Hayes, as for rent due the sum of $2,250, and for immediate possession of the premises.

A separate verdict was returned finding the issues in favor of the defendant, Lula Yell, and against the plaintiff, Harlow, canceling the lease contract of July 1, 1947.

Subsequent to the return of the verdict in favor of the plaintiff in the sum of $2,250, the court, on his own motion, reduced the amount to the sum of $450 and rendered judgment therefor in plaintiff's favor against the defendants, Murphey & Hayes.

The judgment further provides that the plaintiff have and recover from the defendants, Murphey & Hayes, possession of the lot described as the east half of lot 2, block 372 in Ardmore, Oklahoma, together with the building thereon.

As to the defendant, Lula Yell, the judgment cancelled the lease dated July 1, 1947, entered into between the plaintiff, Harlow, and the defendant Yell, and gave Mrs. Yell possession of the premises.

Although numerous grounds are set forth in the respective motions for directed verdicts, and more elaborately stated by motions for a new trial, they may be summarized by the statement that the verdicts are not supported by competent evidence and that the judgments rendered thereon are contrary to the law.

The facts, without substantial dispute, disclose that the plaintiff, Harlow, first rented the lot and building owned by Mrs. Yell in the year 1944. He conducted an implement business on the premises. That lease expired on October 1, 1947, and on July 1, 1947, Mrs. Yell executed a renewal lease to Harlow for a term commencing October 1, 1947, and expiring September 30, 1950.

The latter lease, introduced as an exhibit, discloses it was signed by Harlow and Mrs. Yell, and the execution of the lease was acknowledged before a notary public. This lease provided for the payment of monthly rentals at the rate of $75 per month. Harlow had obtained an agency of the John Deere Plow Company and occupied the premises in carrying on his farm implement business. In November, 1948, Murphey & Hayes purchased his implement stock and the occupancy and possession of the building was turned over to them. A memorandum of the terms of the sale was introduced in evidence. This memorandum signed by both plaintiff and defendants, Murphey & Hayes, discloses that they agree to pay plaintiff rentals on a basis of $150 per month. Defendants paid these monthly rentals for several months, then discontinued their payment, claiming that the plaintiff falsely represented to them that plaintiff was compelled to pay a third party the sum of $75 monthly until such time as they could contact Mrs. Yell and adjust the rental payments on a basis of $75 per month, as provided in the lease of July 1, 1947. Defendants, Murphey & Hayes, at no time had any communications or transactions with Mrs. Yell concerning the subleasing of the premises prior to the execution of the memorandum of sale referred to.

Although Mrs. Yell denied knowledge of the lease of July 1, 1947, she admitted it contained her signature, and also admitted that all monthly rentals were either paid by Mr. Harlow to her directly, or were deposited to her credit in an Ardmore bank, and that she drew on the account from time to time. She said that she knew the plaintiff was in possession of her building at

all times since 1944, and that she had never objected to his occupancy.

The evidence of the plaintiff and the defendants, Murphey & Hayes, is in sharp conflict on the question as to rentals under the memorandum contract referred to. Plaintiff contended that defendants, Murphey & Hayes, agreed to pay him during the unexpired term of the lease contract of July 1, the sum of $150 per month, and the defendants, Murphey & Hayes, contended that they were deceived in agreeing to the rental terms, as evidenced by the memorandum, and were deceived in believing that the plaintiff had a valid lease contract with Mrs. Yell, and asserted that it was their understanding of the agreement that they were only to pay the sum of $150 monthly rentals until Mrs. Yell's physical condition would warrant contacting her and perfecting an arrangement for a rental of $75 per month.

The judgment for the sum of $450 evidently covers rentals on a basis of $150 per month for the months of February, March and April, 1949, based on the theory that the memorandum agreement obligated the defendants to pay rent at the rate of $150 per month, and under this assumption the trial court must have concluded that the defendant, Mrs. Yell, entered into the lease contract with Harlow on July 1, 1947, as under that lease Harlow was entitled to possession of the premises to September 30, 1950, and the lease contract did not provide any restrictions on subleasing. This position is fortified by the verdict in favor of the plaintiff which states:

"* * * We find for the plaintiff, John H. Harlow, and against the defendants, Murphey & Hayes, for the possession of the premises involved herein, * * *."

The jury, however, returned a separate verdict in which they found the issues in favor of the defendant, Lula Yell, and against the plaintiff, John H. Harlow, for the cancellation of the lease of July 1, 1947.

Whether the jury intended in their verdict that the lease was cancelled as of the date of its purported execution July 1, 1947, or as of the date of the return of the verdict, is not indicated.

This uncertainty is expressed by the court in overruling defendants, Murphey & Hayes', motion for a new trial by the following statement:

"They cancelled that contract in May, 1950, when it was made some two years before, I don't know whether it was their intention to cancel it from the date of its inception or at the time of the trial of this case, I don't know."

Under the jury's verdict in favor of the plaintiff against Murphey & Hayes, the jury must, of necessity, have found that the defendant, Lula Yell, had executed the lease of July 1, 1947, and that it was a valid and subsisting and unexpired lease; otherwise, the judgment in favor of the plaintiff for the rent and the possession of the premises could not be sustained. The verdict, however, in favor of Mrs. Yell against Mr. Harlow, is in direct conflict with the foregoing finding and verdict, for here the jury says the lease is cancelled.

The trial judge was in doubt upon what grounds the jury cancelled the lease of July 1, 1947. In overruling the motion of Harlow for a new trial, the court made the announcement:

"I assume the only ground upon which they (referring to the jury) cancelled was that she was incompetent at the time."

That she executed the written lease with full understanding of its purport is supported not only by her acknowledgment of her signature thereto, but by the fact that Harlow had been in possession of the premises since 1944 under a previous lease, and since October 1, 1947, under the lease in question. Furthermore, she acknowledged endorsing a number of rental checks payable to her and delivered to her by Mr. Harlow, and also acknowledged drawing upon the rental credits cover-

ing checks deposited in her local bank, and further admitted that her son, and Mr. Horton, her acknowledged agents, at no time challenged Mr. Harlow's occupancy of the premises prior to his sale of his implement stock to the defendants.

Specific objection was raised in defendants, Murphey & Hayes', motion for a new trial to the court's instruction No. (9) as follows:

"If by a fair preponderance of the evidence in this case you find that the plaintiff Harlow who was in the rightful possession of the real property herein involved at the time of the sale by him to the defendants, Murphey & Hayes, of the personal property mentioned in the evidence herein, made an agreement with said defendants to transfer the possession of said real property to them for the sum of $150.00 per month, and that said defendants have failed and refused since February 1, 1949, without just cause to pay to the plaintiff such amount per month, then and in that event your verdict should be for the plaintiff and against the defendants, Murphey & Hayes, for the possession of said premises, and you should further award the plaintiff as against the said defendants the sum of $2,250.00 as rental for said property for the period beginning February 1, 1949, during which said defendants have unlawfully withheld possession thereof from the plaintiff."

The instruction was clearly erroneous as the plaintiff only sued for three months' rent, or the sum of $450. The court, however, reduced the judgment conforming with plaintiff's petition and proof in support thereof.

After some deliberation the jury returned to the courtroom and explained their dilemma with reference to their deliberation. After an extensive colloquy between the jury and the judge, he sent them back for further deliberation with the statement:

"All right, you deliberate on it and I will take almost anything you bring back."

The judgment rendered in favor of Lula Yell, defendant, for the cancellation of the lease of July 1, 1947, however erroneous, cannot be set aside on this appeal as the plaintiff, Harlow, did not perfect an appeal from the judgment. Neither Harlow nor Yell have filed petitions in error to review that portion of the judgment.

There remains for our consideration whether there is sufficient evidence to sustain the judgment in favor of Harlow as against the defendants, Murphey & Hayes, for the money judgment in the sum of $450.

As we view the evidence the great weight thereof is in support of the verdict. This court has many times held that where there is evidence reasonably tending to prove the essential facts in a case, either directly or indirectly, or by permissible inferences, it is sufficient to sustain a verdict and judgment based thereon. McNutt v. Simons et al., 204 Okla. 593, 232 P. 2d 404.

The judgment of the trial court in favor of the plaintiff and against the defendants, Murphey & Hayes, for the sum of $450 is affirmed.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, and DAVISON, JJ., concur.